UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**Case No. 9:21-cv-80069**

LAURA WIREMAN,    :
          :
    Plaintiff,   :
          :
  v.        :
          :
PETLAND, INC.,    :
          :
    Defendant.  :

**DEFENDANT, PETLAND, INC.'S MOTION TO DISMISS THE
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendant, Petland, Inc. ("Petland"), hereby moves pursuant to Fed. R. Civ. P. 12(b)(2) for an order dismissing the Complaint (ECF No. 1-1) (the "Complaint") for lack of personal jurisdiction. The reasons in support of this motion are set forth in the incorporated Memorandum of Law.

## I.  <u>INTRODUCTION</u>

Plaintiff filed her Complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Complaint consists largely of conclusory allegations with little factual detail beyond the alleged medical diagnoses of the dogs that are the subject of the Complaint. The Complaint alleges that: (1) Plaintiff purchased two dogs; (2) the dogs were diagnosed with various medical conditions shortly after purchase; (3) Plaintiff attempted to return the dogs to the pet store, but the pet store refused to accept return of the dogs; and (4) Plaintiff's husband became ill. The Complaint does not identify the pet store where the Plaintiff allegedly purchased her dogs, but it was not owned or operated by Petland. Petland has nothing to do with Plaintiff's allegations, and is incorrectly named as the defendant in this case.

Petland is an Ohio corporation, with its principal place of business in Chillicothe, Ohio. Petland is a franchisor of retail pet stores, and it also operates a number of company-owned retail pet stores located in Ohio, Indiana, Kentucky, and New York. Petland does not own or operate any retail pet stores in the State of Florida. There are a number of Petland-branded franchisee-owned and operated pet stores in the State of Florida that are owned by several different franchisees, but Petland does not operate or control these franchise stores.

Because Petland has not had any contact with Plaintiff, did not sell the dogs in question to Plaintiff, does not own or operate the store from which the Plaintiff purchased her dogs, and did not commit any tortious acts in the State of Florida, there is no basis for personal jurisdiction over Petland in the State of Florida. Accordingly, and as shown below, Petland lacks sufficient minimum contacts with Florida and, therefore, the Complaint should be dismissed for lack of personal jurisdiction.

## II.     FACTUAL BACKGROUND

### A.     <u>Relevant Facts Alleged in the Complaint</u>

Plaintiff's Complaint alleges:  "This Court has jurisdiction pursuant to §48.193(1)(a), Florida Statutes, as the Defendants [sic] committed tortious acts within the State of Florida." (Compl., ECF No. 1-1 at ¶ 2.)[1] Although the Complaint alleges tortious acts in conclusory fashion, the alleged tortious acts attributed to Petland are not identified or explained. The most that can be inferred from the Complaint is that the Plaintiff is alleging that the Defendant sold her dogs that were sick, and that the seller refused to accept return of the dogs. The Complaint makes the following further allegations against Petland:

---

[1] Because the Complaint was filed in state court initially, its reference to "[t]his Court" is to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

4.    The Defendant, PETLAND, INC., at all times relevant hereto, is:

    (a)    a Corporation established under the laws of the State of FLORIDA and is authorized to do business as a foreign Corporation in this State and is subject to service of process by and through its registered agent: CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

    (b)    the actions hereunto took place in Broward County, Florida.

(*Id.* at ¶4.)  Contrary to the foregoing allegation, Petland is not "a Corporation established under the laws of the State of FLORIDA."[2]

### B.    Additional Facts Relevant to the Personal Jurisdiction Analysis

Petland has attached to this Motion to Dismiss the sworn Declaration of Dale Davis, which makes abundantly clear that Petland is not subject to personal jurisdiction in Florida.  (*See* Davis Decl., attached as **Exhibit 1**.)  The sworn statements in the Davis Declaration establish the following facts.

Petland is an Ohio corporation with its headquarters and principal place of business in Ohio, and is the franchisor of a retail pet store concept.  (*Id.* at ¶¶ 2-3.)  Petland does not own any stores in Florida, it has no offices or real estate in Florida, and it does not have any employees in Florida.  (*Id.* at ¶ 4.)  Although Petland, through its franchise agreement, licenses certain marks to independently owned and operated franchise retail pet stores in various states, it does not own, operate, or control the day-to-day operations of such franchise stores.  (*Id.* at ¶ 5.)  Petland has no ownership interest in and is not involved in the day-to-day operations of any retail pet stores in Florida.  (*Id.* at ¶¶ 4-5.)

---

[2] On a motion to dismiss, the Court "need not accept factual claims that are internally inconsistent [or] facts which run counters to facts of which the court can take judicial notice."  *Campos v. I.N.S.*, 32 F. Supp. 2d 1237, 1343 (S.D. Fla. 1998).

With respect to Plaintiff's claims based upon the alleged purchase of dogs in Broward County, Florida, Petland:  (i) never sold any dogs to Plaintiff; (ii) has never communicated with Plaintiff, and specifically has not communicated with Plaintiff regarding any alleged purchase of dogs, request to return dogs, or refusal to allow the return of any dogs; (iii) has not entered into any contract with Plaintiff; (iv) was not involved in the wholesale purchase of any dogs sold to the Plaintiff; and (v) has never seen, evaluated, or communicated with Plaintiff regarding the dogs she allegedly purchased.  (*Id.* at ¶¶ 4, 7.)   In fact, Petland first learned of Plaintiff's alleged dog purchases, claims regarding the health of the dogs, and the store's alleged refusal to allow the return of such dogs after receiving a copy of the Complaint served upon it in this lawsuit.  (*Id*. at ¶ 8.)

As the law of this Court and the Eleventh Circuit makes clear, to defeat a motion to dismiss in the face of evidence that challenges the basis for personal jurisdiction, the Plaintiff must come forward with ***evidence*** that establishes a basis for personal jurisdiction, and the Plaintiff may not simply rest on the allegations of the complaint.  *See, e.g., Diamond Crystal Brands, Inc. v. Food Movers Int'l*, 593 F.3d 1249, 1257 (11th Cir. 2010) (emphasis added).

## III.   <u>ARGUMENT</u>

### A.   <u>Legal Standard</u>

A plaintiff bears the initial burden of proof in establishing personal jurisdiction over a nonresident defendant:

> A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009).  When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (internal quotation marks omitted).

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 783 (11th Cir. 2014). When considering a motion to dismiss based on a lack of personal jurisdiction, the court may consider affidavits or other documents outside the pleadings. *Internet Solutions Corp. v. Marshall*, 577 F.3d 1293, 1295 (11th Cir. 2009). If a defendant presents affidavit evidence that challenges the existence of personal jurisdiction over it, "[t]he plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint." *Diamond Crystal Brands, Inc.*, 593 F.3d at 1257. To that end, the Court may only consider the allegations in the Complaint as true if they are uncontroverted by Petland's submitted affidavits/declaration(s). *Madara*, 916 F.2d at 1514. Plaintiff cannot meet its burden by relying on conclusory allegations contrary to the Davis Declaration. Rather, the Plaintiff must come forward with competent factual evidence that establishes personal jurisdiction over Petland.

### B.    This Court Lacks Personal Jurisdiction Over Petland

The Eleventh Circuit has enumerated a two-part analysis to determine whether personal jurisdiction exists over a nonresident defendant. *Rowe v. Gary, Williams, Parteni, Watson & Gary, PLLC*, 723 F. App'x 871, 874 (11th Cir. 2018). "First, the forum state's long arm statute must provide a basis for jurisdiction." *Id.* "Second, there must be sufficient minimum contacts to satisfy due process constitutional concerns." *Id.* Due process concerns are satisfied only if the defendant has sufficient "minimum contacts" with the forum state, such that requiring the defendant to defend itself in that state "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

Plaintiff's jurisdictional allegations are found in paragraphs 2 and 4 of the Complaint, and are quoted above at pp. 2-3, *supra*.  Those allegations are that:  (1) Petland committed unspecified tortious acts in the State of Florida; (2) Petland is a corporation established under the laws of the State of Florida; (3) Petland is licensed to do business in Florida; and (4) Petland is subject to service of process through a registered agent in Florida.  (Compl., ECF No. 1-1 at ¶¶ 2, 4.)

As noted above, Petland is <u>not</u> a corporation established under the laws of the State of Florida.  (*See* Ex. 1 at ¶ 2.)  Likewise, the conclusory allegation that Petland committed tortious acts in Florida—assuming such alleged acts to be related to the Plaintiff's alleged dog purchases— are also refuted by the sworn statements in the Davis Declaration.  (*See id.* at ¶¶ 4-5, 7.)  The Supreme Court has made clear that "labels and conclusions," "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," "unadorned, the defendant-unlawfully-harmed-me accusation[s]," and "naked assertion[s] devoid of further factual enhancement" are insufficient to state a claim under federal law.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).  Plaintiff's conclusory allegation that Petland committed tortious acts in the State of Florida is the very type of unsupported conclusory allegation that the Supreme Court has held to be insufficient to state a claim.[3]  Moreover, the Complaint is devoid of any *factual* allegations regarding what acts Petland is alleged to have committed in the State of Florida.

Finally, the allegations that Petland is licensed to do business in Florida and is subject to service through a registered agent in Florida are insufficient to establish personal jurisdiction in

---

[3] In other words, the Plaintiff's conclusory jurisdictional allegation would not even be accepted as true in a traditional Fed. R. Civ. P. 12(b)(6) analysis.  Here, in the personal jurisdiction context, where the defendant has submitted evidence refuting the basis for personal jurisdiction, and the plaintiff now bears an evidentiary burden of refuting that evidence, Plaintiff's conclusory allegation in the Complaint carries no weight at all.

Florida, as further demonstrated below.  *Consol. Dev. Corp. v. Sherritt, Inc.* 216 F.3d 1286, 1293

(11th Cir. 2000); *Siemer v. Learjet Acquisition Corp.,* 966 F.2d 179, 182 (5th Cir. 1992); *Sofrar,*

*S.A. v. Graham Engineering Corp.*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999); *Keston v.*

*FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1354 (S.D. Fla. 2007).

### 1.    Florida's Long-Arm Statute does not provide a basis for jurisdiction over Petland.

Paragraph 2 of Plaintiff's Complaint alleges that "[t]his Court has jurisdiction pursuant to

§48.193(1)(a), Florida Statutes, as the Defendants [sic] committed tortious acts within the State of

Florida."  (Compl., ECF No. 1-1 at ¶2.)  As the Davis Declaration and the discussion above make

clear, Petland did not enter into any transaction with Plaintiff and has not had any communications

with her.  Her conclusory allegation of tortious conduct by Petland is unexplained and includes no

factual allegations to clarify it.

To the extent that Plaintiff tries to argue that her allegations relate to a Petland-franchised

store (which is not alleged in the Complaint), that argument fails as well.  Numerous courts have

recognized that a franchisor/franchisee relationship, without more, does not make the franchisor

subject to jurisdiction in a franchisee's locale.  *See, e.g., Santora v. Starwood Hotel & Resorts*

*Worldwide, Inc.*, 580 F. Supp. 2d 694, 700 (N.D. Ill. 2008) (resort chain was not subject to personal

jurisdiction based on its franchisee's actions); *Ross v. Colorado Outward Bound Sch., Inc.,* 603 F.

Supp. 306, 310 (W.D.N.Y. 1985) ("the mere existence of a garden-variety parent-subsidiary or

franchisor-franchisee relationship, even if plaintiff has established such, is not sufficient to

establish jurisdiction . . ."); *Pestmaster Franchise Network, Inc. v. Mata*, 16-CV-07268-EMC,

2017 WL 1956927, at *4 (N.D. Cal. May 11, 2017) (dismissing franchisor based upon a lack of

personal jurisdiction, and holding that "though Plaintiff argues for specific personal jurisdiction

based on AAAC's franchisee contacts in California, Plaintiff has not sufficiently shown how these

contacts relate to the claims now in dispute . . .”); *see also Mobil Oil Corp. v. Bransford*, 648 So. 2d 119, 120-21 (Fla. 1995) (wherein the Florida Supreme Court rejected the notion that a franchisee’s prominent use of a franchisor’s trademarks and symbols and receipt of franchisor support were sufficient to establish either apparent agency or other vicarious liability of the franchisor for the alleged actions or inactions of a franchisee).  In the instant case there is no connection between the alleged tortious act (*i.e.,* sale of the dogs in question) and Petland.

**2.      The Court lacks general jurisdiction over Petland.**

The Supreme Court has recognized two categories of personal jurisdiction: “general jurisdiction” and “specific jurisdiction.”  *See Daimler AG v. Bauman*, 571 U.S. 117, 127-28 (2014). Plaintiff’s jurisdictional allegations fail to establish a basis for the Court to exercise either general jurisdiction or specific jurisdiction over Petland.

A court cannot exercise general jurisdiction unless a foreign corporation’s affiliations with the forum state are so “continuous and systematic” as to render the foreign corporation “at home” in the forum state.  *Daimler AG*, 571 U.S. at 127.  For a corporation, the “place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction” because those affiliations have the virtue of being unique (*e.g.*, each ordinarily indicates only one place) and are easily ascertainable for greater predictability.  *Id.* at 137.  The stringent bar for general jurisdiction is not met even where a nonresident corporation engages in a “substantial, continuous, and systematic course of business” in the forum state, because such activities—alone—do not render a corporation “at home” in that state.  *Id.* at 137-39.  Since the Supreme Court’s decision in *Daimler AG*, general jurisdiction for corporations has been confined to a company’s place of incorporation and principal place of business absent exceptional circumstances.  *See Smith-Russo v. NCL (Bahamas) Ltd.*, 16-23821-CIV, 2017 WL 5565613, at *4 (S.D. Fla. July 26, 2017), *report and*

*recommendation adopted*, 16-23821-CIV, 2017 WL 5591639 (S.D. Fla. Aug. 22, 2017) ("'[i]t is . . . incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business'") (citation omitted);   *Thompson v. Carnival Corp.,* 174 F. Supp. 3d 1327, 1336 n.7 (S.D. Fla. 2016) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)); *see also Rowe*, 723 F. App'x 871, 874-75 (11th Cir. 2018).

Petland is an Ohio corporation with its headquarters in Chillicothe, Ohio, with no stores, offices, or employees in Florida.  (*See* Ex. 1 at ¶¶ 2, 4.)  The only fact alleged in the Complaint to establish that Petland is "at home" in Florida is the false allegation that Petland "is a Corporation established under the laws of the State of FLORIDA."  (Compl., ECF No. 1-1 at ¶4(a).)  Petland has refuted the allegation with a sworn statement in the Davis Declaration (Ex. 1 at ¶ 2), and the Plaintiff will now need to come forward with evidence to support its allegation.  The state of incorporation of a company is public record, and there is no evidence that will support the Plaintiff's false allegation that Petland is incorporated in Florida.  Accordingly, there is no basis for general jurisdiction.  *See, e.g., Rowe*, 723 F. App'x at 874-75; *see also BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1554 (2017) (holding that railway company's 2,061 miles of track, 2,100 workers, and an automotive facility—all in the State of Montana (along with something short of 10% of its revenue coming from Montana)—did not render BNSF "at home" in Montana for purposes of conferring general jurisdiction).

### 3.     The Court lacks specific jurisdiction over Petland.

The Eleventh Circuit considers three elements in determining whether specific jurisdiction may be asserted against a nonresident defendant:

> In specific jurisdiction cases, we apply the three-part due process test, which examines:  (1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the

forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of fair play and substantial justice.

*Rowe*, 723 F. App'x at 874 (quoting *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1355). Despite Plaintiff's conclusory allegation to the contrary, Plaintiff's claims do not arise out of or relate to any Petland contact in Florida. Additionally, during the time period alleged in the Complaint, Petland did not operate any pet stores or have any other operations in the State of Florida and, therefore, has not "purposely availed" itself of the privilege of conducting business within Florida. Rather, Petland's only contact with Florida that is relevant to the Plaintiff's alleged dog purchases is the fact that Petland has a franchisor-franchisee relationship with the franchisee operator of the Petland store from which Plaintiff presumably purchased her dogs. Accordingly, without more, it would offend "traditional notions of fair play and substantial justice" to exercise personal jurisdiction over Petland based on Plaintiff's purchase from a store that Petland does not own or operate of a dog that Petland did not buy, examine, treat, or sell.

### a.  Plaintiff's claims do not arise out of or relate to Petland's contact with Florida.

To establish specific jurisdiction over Petland, Plaintiff must demonstrate that her claims arise out of or relate to Petland's contact with Florida. The Eleventh Circuit has explained this element of the specific jurisdiction test as follows:

> "[O]ur inquiry must focus on the direct causal relationship among 'the defendant, the forum, and the litigation.'"

> * * *

> We have not developed a specific approach to determining whether a defendant's contacts "relate to" the plaintiff's claims, but we recently held that "[n]ecessarily, the contact must be a 'but-for' cause of the tort."

*Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (citations omitted). Here, the Plaintiff's alleged business transaction was with a franchise store that is independently owned and operated

by a company other than Petland, *i.e.*, the franchisee.  Because the Davis Declaration establishes that Petland did not open or operate the store, did not engage in any transaction with or have any contract with the Plaintiff, and has never communicated with the Plaintiff at all, there is no causal, "but-for" relationship between the claims in this case and any contact Petland may have with Florida.  With Petland having submitted declaration evidence that it was not involved in any transaction with the Plaintiff, the Plaintiff must now come forward with competent affidavit or declaration evidence that establishes a "but-for" causation link between some conduct of Petland in Florida and the Plaintiff's claims.  Because there is no such evidence, Plaintiff cannot satisfy the first element of the test relating to specific jurisdiction.

> **b.    Petland is not conducting activities in Florida or invoking the benefit of Florida's laws.**

As set forth in the Davis Declaration, Petland does not operate any pet stores or have any other presence in the State of Florida.  (*See* Ex. 1 at ¶ 4.)  Moreover, even if Petland had such a presence, that presence would not relate to any transaction with the Plaintiff.  *Roblor Mktg. Group, Inc. v. GPS Indus., Inc.*, 645 F. Supp. 2d 1130, 1142 (S.D. Fla. 2009) (dismissing complaint with prejudice for lack of personal jurisdiction where there was "no evidence in the record of any actual interaction with the state of Florida").

As recounted above, Petland;  (i) does not own or operate any retail pet stores in Florida; (ii) does not have any employees in Florida; (iii) does not own any property in Florida; and (iv) did not engage in any transaction with the Plaintiff in Florida.  (*See* Ex. 1 at ¶¶ 4, 7.)

Plaintiff's Complaint seeks to establish jurisdiction based almost entirely on its allegations that Petland is authorized to do business as a foreign corporation in Florida and is subject to service through its registered agent in Florida.  (Compl., ECF No. 1-1 at ¶4(a).)  But these allegations fail to provide a basis for personal jurisdiction where, as here, the claims do not arise out of such

authorization or registration.[4]  Indeed, where the claims in the lawsuit do not arise out of the authorization or registration itself, an argument that personal jurisdiction may be based upon registration to do business or appointment of an agent is actually a *general* jurisdiction argument, rather than a *specific* jurisdiction argument.  And because general jurisdiction requires a company to be "at home" in the jurisdiction in order to establish general jurisdiction, the mere registration to do business and appointment of an agent for service of process is considered far too insubstantial to establish the minimum contacts necessary to establish personal jurisdiction over a foreign corporation.  *See infra* at pp. 6-7 (citing case law showing that registration to do business is insufficient to establish a basis for personal jurisdiction).

Relevant precedent establishes that registration to do business in Florida and appointment of a registered agent in Florida for service of process do not establish minimum contacts sufficient to satisfy Due Process where the claims in the lawsuit do not arise out of the registration or conduct of the service of process agent.  *See Sherritt, Inc.*, 216 F.3d at 1293 ("The casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities…. Courts of appeals that have addressed the issue have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over the corporation.") (citations omitted); *Siemer*, 966 F.2d at 182 (5th Cir. 1992) ("Plaintiffs' cite not one case and this Court has found none that supports the proposition that the appointment of an agent for process and registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction."); *Sofrar*, 35 F. Supp. 2d at

---

[4] Petland registered to do business in Florida and appointed a registered agent in Florida for service of process years ago at a time when it operated a retail store in Florida.  (Ex. 1 at ¶ 9.)  However, it has been many years since Petland operated a store in Florida, and the claims in this lawsuit have nothing to do with such previous operation.  (*Id.*)

921 (dismissing case for lack of personal jurisdiction and holding that registration to do business in Florida and appointment of registered agent in Florida are not sufficient to establish minimum contacts for purposes of satisfying Due Process); *Keston*, 523 F. Supp. 2d at 1354 ("The presence of a corporate agent within the State, service on that agent, and a license to do business in the State are not enough to support my personal jurisdiction over FirstCollect, especially where the cause of action is not related to these contacts.").

The United States Court of Appeals for the Fifth Circuit in *Siemer* held:

> To assert, as plaintiffs do, that mere service on a corporate agent automatically confers *general jurisdiction* displays a fundamental misconception of corporate jurisdictional principles. This concept is directly contrary to the historical rationale of *International Shoe* and subsequent Supreme Court decisions. * * * A registered agent, from any conceivable perspective, hardly amounts to the "general business presence" of a corporation so as to sustain an assertion of general jurisdiction. [Citation omitted.]

966 F.2d at 182. This Court invoked a similar analysis in *Sofrar*, rejecting the notion that either registration to do business or appointment of an agent for service of process in Florida was sufficient to establish personal jurisdiction in that case. 35 F. Supp. 2d at 921. The *Sofrar* court acknowledged some Florida state lower court cases holding that registration to do business and appointment of an agent for service of process could be a basis for jurisdiction under the Florida long arm statute. *Id.* at 920. However, in dismissing the case for lack of personal jurisdiction, this Court rejected the notion that such contacts were sufficient to establish personal jurisdiction under federal Due Process standards. *Id.* at 920.

In the instant case, there is no "but-for" connection between Petland's registration to do business in Florida and appointment of an agent for service of process in Florida, on the one hand, and the alleged transactions and claims in this lawsuit, on the other hand. Accordingly, the authorization to do business and registration of a service agent have no relevance to a specific

jurisdiction analysis (and they are insufficient under a general jurisdiction analysis).  Accordingly, Plaintiff cannot satisfy the second element of the Eleventh Circuit's specific jurisdiction test.

        c.      <u>**The exercise of personal jurisdiction over Petland in Florida would not comport with "traditional notices of fair play and substantial justice."**</u>

Plaintiff in this case seeks to sue Petland in Florida based upon conclusory allegations that it committed tortious acts in Florida. (Compl., ECF No. 1-1 at ¶ 2).  But Petland's uncontroverted testimony establishes that it did not enter into any contracts or transactions with Plaintiff, that it was not involved in any such transactions, and that it has not had any communication with Plaintiff. (*See* Ex. 1 at ¶¶ 4, 7.)  To the extent Plaintiff intends to argue that jurisdiction should be asserted over Petland based on the actions of a franchisee store operator—based solely on the fact that there is a franchisor-franchisee relationship between Petland and the franchisee—it would be unfair to allow any franchisor to be hauled into a foreign jurisdiction based entirely on actions taken by any independent franchisee.  Indeed, as the Supreme Court held in a franchisor-franchisee lawsuit, "the Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  *Burger King Corp. v. Rudzewicz*, 471 U.S. 262, 472 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

Unlike a franchisee who operates a business in a particular location and, thus, bears the risk and enjoys the benefits of its operation (such as obtaining the revenues and profits of the business), Petland neither incurs those same operational risks nor obtains those benefits.  As a result, franchisors like Petland are not subject to claims and lawsuits in every locale where their franchisees operate, based solely upon the operations of their franchisees.  *See Fischer v Enter. Rent-A-Car Co.*, CV-95-4876, 1996 WL 251426, at *3 (E.D.N.Y. Apr. 24, 1996) ("the fact that a

franchisor licenses franchisees that operate in [a particular state] will not subject the franchisor to personal jurisdiction in [that state]").   Accordingly, the exercise of personal jurisdiction over Petland based solely on actions a franchisee may have taken in Florida simply does not comport with "traditional notions of fair play and substantial justice."  *Int'l Shoe Co.*, 326 U.S. at 316.

## IV.   <u>CONCLUSION</u>

Petland has submitted sworn evidence through the Davis Declaration (Ex. 1) demonstrating that it does not conduct business in Florida, did not enter into any contract with or engage in any transactions with the Plaintiff, and has not had any communications or contact with the Plaintiff at all.  As a result, the conclusory allegations of Plaintiff's Complaint are insufficient to establish a basis for personal jurisdiction over Petland.  Although Plaintiff is permitted the opportunity to present evidence supporting a "but-for" causal connection between conduct of Petland in Florida and the Plaintiff's claims, no such evidence exists—and, as such, there is nothing to produce. Accordingly, because there is no basis for general or specific jurisdiction to be asserted over Petland, Petland respectfully requests that its motion to dismiss be granted.

## <u>LOCAL RULE 7.1(a)(3) CERTIFICATE OF COUNSEL</u>

Pursuant to Rule 7.1(a)(3) of the Local Rules, the undersigned counsel hereby certifies that he tried to confer with counsel for Plaintiff via e-mail in a good faith effort to resolve the issues raised in this Motion.  Counsel for Petland, Inc. previously discussed the matter with Plaintiff's counsel and understood that Plaintiff's counsel would substitute out or dismiss Petland, Inc. because it was incorrectly named in the action.  At the time of this filing, undersigned counsel has not received a response from Plaintiff's counsel on these issues.

Dated: January 21, 2021

Respectfully Submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard
Suite 1600
Miami, FL  33131
Telephone:  (305) 614-1404
Facsimile:  (305) 614-1425

By:     /s/ *Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
JORGE A. PEREZ SANTIAGO
Florida Bar No. 91915
jperezsantiago@sfslaw.com
electronicservice@sfslaw.com

*Attorneys for Defendant, Petland, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, causing a copy of the foregoing document to be served on all counsel of record via Notice of Electronic Filing.  The undersigned further certifies that a true and accurate copy of the foregoing was served upon the following via email:

Benjamin W. Buck, Jr., Esq.
Florida Bar No. 117639
113 South Monroe Street, 1st Floor
Tallahassee, Florida  32301
Email:  Ben@benbucklaw.com

*Counsel for Plaintiff*

/s/ *Ian M. Ross*
IAN M. ROSS